THE ANNIE LAURIE MINING COMPANY, a Corporation, Respondent, v. THE ROSS MINING & MILLING COMPANY, a Corporation, Appellant.

### No. 1378.   (70 Pac. 465.)

**Appeal: Findings: Sufficiency of Evidence.**
Where on appeal the preponderance of the proof supports the findings of fact, they will not be disturbed.

(Decided November 3, 1902.)

Appeal from the Sixth District Court, Sevier County.—
*Hon. W. M. McCarty,* Judge.

Action to recover damages from the defendant for injury to a flume constructed and used to convey water to a power plant for the purpose of generating power to run the plaintiff's quartz mill, and to obtain relief by injunction. From a judgment in favor of the plaintiff, the defendant appealed.

AFFIRMED.

*Jacob Evans, Esq.,* and *M. M. Warner, Esq.,* for appellant.

*E. E. Hoffman, Esq.,* for respondent.

BARTCH, J.—This is an action to recover damages from the defendant for injury to a flume constructed and used to convey water to a power plant for the purpose of generating power to run plaintiff's quartz mill, and to obtain relief by injunction. It was charged in the complaint that the de-

fendant, while constructing a tunnel, wrongfully, unlawfully, and negligently rolled rocks and debris across the flume, thereby breaking it so that it would not carry water, and that such acts would be continued unless enjoined. The answer averred, among other things, that the plaintiff, while the defendant was the owner and in the possession of a certain mining claim, called "Ross Mine No. 2," without the consent of the defendant, and without any right, title, or authority of law, and as a trespasser, entered upon said mining claim, and constructed the flume in question across the claim; that in order to develop that claim, with others, for the purpose of extracting ore, it was necessary to construct tunnels and drifts and make excavations; that, in doing such development work, large quantities of earth and rock were removed and deposited upon the surface of the claims; and that such rock and material, on account of the steepness of the mountain side upon which the mining claims and flume were located, rolled down upon the flume, and caused the damage to it of which complaint is made. At the trial the main issue was as to whether or not the defendant's mining claims embraced the land upon which the flume was constructed. As to this issue the evidence is conflicting, some being to the effect that the flume was constructed upon and across the Ross mine No. 2, below the tunnel, and some to the effect that such flume is located upon the public lands of the United States, without the limits of the mining claims. The court entered a decree in favor of the plaintiff, and the defendant appealed.

The appellant relies on two points for a reversal, and these relate to the eighth and ninth findings of fact, which read: "(8) That on the sixteenth day of July, 1898, the defendant's grantors located the Ross group of mining claims, composed of Ross No. 1, Ross No. 2, Ross No. 3 and Ross No. 4; that said Ross No. 2, as staked off by the locators, is 775 feet wide at the south end, and more than 600 feet wide at the north end; that from the discovery point of Ross mine No. 2, which discovery point is in the south end line of said Ross mine No.

25 Utah—12

2, the distance is 475 feet to the southwest corner stake on said Ross mine No. 2, which corner stake was, until after the commencement of this action, marked the southwest corner stake of Ross mine No. 1; that the distance from the north end center stake of said Ross mine No. 2 is more than 300 feet, and that by taking the external boundaries of said Ross mine No. 2, as shown by the stakes of the defendant, the said flume falls within the exterior boundary lines of said Ross mine No. 2, but by allowing the defendant only 300 feet on each side of the vein (that is, 300 feet on each side of the straight line connecting the north and center stake and the point of discovery), as required by law, and the calls of the location certificate thereof, no portion of said flume crosses or touches said Ross mine No. 2. (9) That said flume, or any part, is not within 300 feet from the center of the vein, or Ross mine No. 2, but is more than 350 feet from the center of the vein, and would be entirely outside of the boundaries and limits of said mine, were the boundaries limited to 300 feet on each side from the center of the vein, as required by law." It is insisted that these findings are neither warranted nor supported by the evidence. This contention does not appear to be sustained by the record. There is evidence showing that the claims mentioned in the findings were located in the form of a parallelogram, 3,000 feet long, north and south, and 1,200 feet wide; that Ross No. 2 and No. 4 claims formed the west half of the group; that the north end line of the Ross No. 4 is identical with the south end line of Ross No. 2; that the discovery monuments of claims Nos. 2 and 4 were placed within 10 or 15 feet of each other, on the lode or center line of the claims, the one on No. 2 being placed at the south end center of the claim, and the one on No. 4 at the north end center; that the discovery on No. 2 was washed away, but the one on No. 4 still remains; that on No. 2 is located the tunnel, during the excavation of which the flume in question was injured; and that no part of the flume is within 300 feet of the lode or center line

·of that claim.   There is also other testimony in the record
tending to show that the flume is without the limits of the
mining claims, and then there is considerable evidence to the
·effect that the flume was constructed within the limits of Ross
No. 2 claim; but we think the preponderance of the proof is
to the contrary, and in support of the findings.   Under such
·circumstances, this court will not disturb the findings of fact,
·and the judgment must be affirmed, with costs.   It is so
·ordered.

BASKIN, J., and HART, District Judge, concur.